**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4096**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADJOH DORCAS MANOU EPSE ASSOKO,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:24-cr-00172-MSN-1)

_____

Submitted:  November 26, 2025                    Decided:  December 23, 2025

_____

Before NIEMEYER, AGEE, and BERNER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Salvatore M. Mancina, Assistant Federal Public Defender, Nathaniel C. Wenstrup, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, Meredith J. Edwards, Assistant United States Attorney, Daniel J. Honold, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Adjoh Dorcas Manou Epse Assoko of international parental kidnapping, in violation of 18 U.S.C. § 1204(a). The district court sentenced Assoko to a term of imprisonment of 12 months and one day followed by one year of supervised release. Assoko appeals, challenging the court's jury instruction regarding the requisite intent to obstruct the lawful exercise of her husband's parental rights and the sufficiency of the evidence supporting her conviction. We affirm.

Assoko first challenges the district court's decision refusing her proposed jury instruction regarding the intent required to obstruct the lawful exercise of her husband's parental rights. We review the adequacy of the court's jury instructions for abuse of discretion. *United States v. Sonmez*, 777 F.3d 684, 688 (4th Cir. 2015). In order to establish that a district court abused its discretion in rejecting proposed jury instructions, a defendant "must demonstrate that her proposed instructions (1) were correct, (2) were not substantially covered by the charge that the district court actually gave to the jury, and (3) involved some point so important that the failure to give the instructions seriously impaired the defendant's defense." *Id.* (citation modified).

Assoko argues that her proposed jury instruction, which would have required the jury to find that the intent to obstruct her husband's parental rights was a "significant purpose" motivating her decision to move to Côte d'Ivoire, was correct. The district court declined to give Assoko's proposed jury instruction and instead instructed the jury that, "[t]o find that the defendant acted with the intent to obstruct the lawful exercise of parental rights, you must find that the defendant acted deliberately with the purpose of interfering

2

with the parental rights of [her husband]." (J.A. 485).* We conclude that, by instructing the jury in this manner, the district court "substantially covered" the content of Assoko's proposed instruction that the Government was required to prove that Assoko intended by her actions to interfere with her husband's parental rights. *See Sonmez*, 777 F.3d at 688. Therefore, we hold that the district court did not abuse its discretion in refusing Assoko's "significant purpose" instruction.

Assoko also argues that the district court erred in denying her Fed. R. Crim. P. 29 motion for a judgment of acquittal based on insufficient evidence of international parental kidnapping. "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (citation modified). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (citation modified).

---

* "J.A." refers to the joint appendix filed by the parties in this appeal.

3

The international parental kidnapping statute provides that

> [w]hoever removes a child from the United States, or attempts to do so, or retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both.

18 U.S.C. § 1204(a). Assoko argues that, in taking their daughter to Côte d'Ivoire, Assoko reasonably believed that her husband would be joining them because they had been planning to move back to Côte d'Ivoire and because his United States visa was dependent on hers. She further argues that her husband's testimony at trial was not credible and that she left the United States for a job rather than to obstruct his parental rights.

We conclude that sufficient evidence existed for the jury to discredit Assoko's stated reasons for relocating to Côte d'Ivoire. After arriving in Côte d'Ivoire with her daughter without notifying her husband or the state court overseeing custody proceedings, Assoko remotely attended a custody hearing where her husband was granted temporary primary custody of their daughter. At the hearing, Assoko stated that she was unable to afford to buy a plane ticket back to the United States. The next month, she arrived in the United States but left her daughter in Côte d'Ivoire, despite not having custody over her. Assoko further misled agents from the Federal Bureau of Investigation regarding her daughter's American citizenship, and text messages between Assoko and her husband displayed her desire to restrict his visitation rights. Upon review of the record, we conclude that substantial evidence supports Assoko's conviction.

4

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*